UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| *Plaintiff*, ) | |
| ) | |
| *vs.* ) | 2:14-cr-00027-JMS-CMM-1 |
| ) | |
| GREGORIO PANIAGUA-GARCIA, ) | |
| *Defendant.* ) | |

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS**

Presently pending before the Court is Defendant Gregorio Paniagua-Garcia's Motion to Suppress. [Filing No. 41.] Mr. Paniagua-Garcia asks the Court to suppress evidence obtained after an allegedly unlawful traffic stop, arguing that there was no probable cause for that stop. For the reasons detailed herein, the Court **DENIES** Mr. Paniagua-Garcia's motion.[1]

**I.**
**BACKGROUND**

The morning of September 27, 2014, Deputy Dwight Simmons with the Putnam County Sheriff's Office was traveling eastbound on Interstate 70. [Filing No. 42-1 at 1; Filing No. 42-1 at 3.] While traveling in the left lane, Deputy Simmons passed a black Mitsubishi Galant bearing an Ohio license plate in the right lane. [Filing No. 42-1 at 1.] Deputy Simmons observed that the male driver of the vehicle was holding a phone in his right hand, had his head tilted down toward the phone, and appeared to be operating the key pad on the phone. [Filing No. 42-1 at 1.] Deputy Simmons continued past the vehicle and pulled to the right shoulder of the interstate to let traffic

---

[1] Evidentiary hearings are not required as a matter of course with motions to suppress; instead, the Court need only conduct a hearing "when the allegations and moving papers are sufficiently definite, specific, non-conjectural and detailed enough to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion." *United States v. Villegas*, 388 F.3d 317, 324 (7th Cir. 2004). In this case, no party requested an evidentiary hearing or pointed to disputed issues of material fact. Thus, no hearing is necessary.

pass.  [Filing No. 42-1 at 1.]  Once the Mitsubishi passed Deputy Simmons, he pulled back into traffic and traveled behind the vehicle.  [Filing No. 42-1 at 1.]  Deputy Simmons then activated his emergency lights and initiated an enforcement stop.  [Filing No. 42-1 at 1.]

Deputy Simmons approached the vehicle and also observed a female passenger and infant in the backseat of the vehicle.  [Filing No. 42-1 at 1.]  Deputy Simmons asked the driver—later identified as Mr. Paniagua-Garcia—for his license and explained that he had observed him texting on his phone and that doing so took his attention off the road.  [Filing No. 42-1 at 1.]  Mr. Paniagua-Garcia stated that he was not texting on his phone but, instead, was trying to find music.  [Filing No. 42-1 at 1.]  Mr. Paniagua-Garcia produced an Ohio driver's license, registration, and proof of insurance.  [Filing No. 42-1 at 1.]  Deputy Simmons then asked Mr. Paniagua-Garcia to exit his vehicle, which he did.  [Filing No. 42-1 at 1.]

While in front of Deputy Simmons' vehicle, Deputy Simmons continued to question Mr. Paniagua-Garcia.  [Filing No. 42-1 at 1-2.]  Deputy Simmons asked Mr. Paniagua-Garcia to remain roadside while Deputy Simmons entered Mr. Paniagua-Garcia's license and registration information into the computer in his patrol vehicle.  [Filing No. 42-1 at 2-3.]  While in the patrol vehicle, Deputy Simmons called for radio assistance from Sergeant Craig Sibbit.  [Filing No. 42-1 at 3.]  Sergeant Sibbit arrived as Deputy Simmons was completing a written warning for Mr. Paniagua-Garcia for "Texting While Operating a Motor Vehicle" pursuant to Indiana Code § 9-21-8-59. [Filing No. 42-1 at 3.]

After completing the written warning, Deputy Simmons exited the patrol vehicle and joined Mr. Paniagua-Garcia roadside.  [Filing No. 42-1 at 3.]  He told Mr. Paniagua-Garcia that he was issuing a warning for the offense of texting while driving and explained the importance of paying attention while operating a vehicle.  [Filing No. 42-1 at 3.]  Deputy Simmons asked Mr. Paniagua-

Garcia if there were any weapons, large amounts of U.S. Currency, or narcotics in his vehicle. [Filing No. 42-1 at 3.] Mr. Paniagua-Garcia responded "no" to each question. [Filing No. 42-1 at 3.] Deputy Simmons asked Mr. Paniagua-Garcia for consent to search his vehicle, to which he responded "yeah." [Filing No. 42-1 at 3.] Deputy Simmons confirmed Mr. Paniagua-Garcia's response by asking, "I can search your vehicle?," to which Mr. Paniagua-Garcia responded, "Yeah, go ahead." [Filing No. 42-1 at 3.] Deputy Simmons found 5.4 pounds of heroin in the trunk of Mr. Paniagua-Garcia's vehicle. [Filing No. 42-1 at 4.] Mr. Paniagua-Garcia was placed under arrest and issued his *Miranda* warnings. [Filing No. 42-1 at 4.]

Mr. Paniagua-Garcia was later indicted for one count of possession with intent to distribute a controlled substance in contravention of 21 U.S.C. § 841. [Filing No. 12.] He now asks this Court to suppress the evidence found during the search of his vehicle, which he claims violated his Fourth Amendment rights. [Filing No. 41.] The Government opposes Mr. Paniagua-Garcia's motion. [Filing No. 43.]

## II.
### THE FOURTH AMENDMENT

The Fourth Amendment to the United States Constitution protects the "right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures. . . ." U.S. Const. amend. IV. Generally, a warrantless search or seizure in the absence of probable cause is unreasonable. *United States v. Slone*, 636 F.3d 845, 848-49 (7th Cir. 2011). When police conduct an unreasonable search or seizure, the exclusionary rule usually vindicates the Fourth Amendment's protections by keeping out the unlawfully obtained evidence. *Id.*

**III.**
**DISCUSSION**

Mr. Paniagua-Garcia challenges the constitutionality of Deputy Simmons' initial stop of his vehicle. He concedes that although Indiana Code § 9-21-8-59 prohibits texting while operating a vehicle, the statute does not prohibit a driver from making phone calls, searching the phone's contact list, utilizing GPS services, or searching for music. [Filing No. 42 at 4.] Mr. Paniagua-Garcia argues that "the act of holding a cell phone, looking at the cell phone and even operating the touch screen of a cell phone does not create a reasonable suspicion that the operator of a moving motor vehicle is violating Indiana Code § 9-21-8-59." [Filing No. 42 at 3.] Thus, Mr. Paniagua-Garcia asks the Court to suppress the evidence found during the search of his vehicle.[2]

In response, the Government argues that suppression is inappropriate because Mr. Paniagua-Garcia's behavior provided Deputy Simmons with an objectively reasonable basis to believe that he was texting while driving, in violation of Indiana Code § 9-21-8-59. [Filing No. 43 at 1.] Because Deputy Simmons allegedly had probable cause to stop Mr. Paniagua-Garcia, the Government asks this Court to deny his pending motion. [Filing No. 43.]

A roadside traffic stop constitutes a "seizure" under the Fourth Amendment. *Elliot v. Sheriff of Rush Co.*, 686 F.Supp.2d 840, 853 (S.D. Ind. 2010). Police may make a traffic stop when they have probable cause to believe the driver has violated a traffic law, even a minor one. *United States v. McDonald*, 453 F.3d 958, 960 (7th Cir. 2006) (citing *Whren v. United States*, 517 U.S. 806 (1996)). Probable cause exists when an officer reasonably believes that a driver committed a traffic offense. *McDonald*, 453 F.3d at 960. "A stop and search can be reasonable even if the

---

[2] Mr. Paniagua-Garcia does not challenge his subsequent consent for Deputy Simmons to search his vehicle.

defendant did not actually commit an offense as long as the officer reasonably believed an offense occurred." *Id.*

An officer's subjective beliefs are largely irrelevant to the probable cause inquiry. *United States v. Garcia-Garcia*, 633 F.3d 608, 612 (7th Cir. 2011). Instead, the analysis rests on two factors. First, the Court must decide what facts the officer knew at the time he stopped the vehicle. *Id.* at 613. Second, the Court must decide whether a reasonable officer could conclude that those facts amounted to a violation of the law. *Id.*

In relevant part, Indiana Code § 9-21-8-59 prohibits a person from using a telecommunications device to type, transmit, or read a text message while operating a motor vehicle. Mr. Paniagua-Garcia does not deny that he was using his phone at the time Deputy Simmons observed him, but he does deny "that he was texting while driving at any point on the day of the traffic stop." [Filing No. 42 at 4; Filing No. 42-2 (affidavit from Mr. Paniagua-Garcia); Filing No. 42-4 (affidavit from Timothy Ziegler, who attests that he has inspected Mr. Paniagua-Garcia's phone and that no text messages were sent or received during the morning in question).] In response to Mr. Paniagua-Garcia's motion, the Government concedes that Mr. Paniagua-Garcia was not texting while driving at the time Deputy Simmons stopped him. [Filing No. 43 at 8 (arguing that even though Deputy Simmons' "belief was incorrect, the mistake was reasonable [for] providing probable cause for the traffic stop").]

The Court concludes that Deputy Simmons' observations of Mr. Paniagua-Garcia while operating the vehicle made it reasonable for Deputy Simmons to conclude that Mr. Paniagua-Garcia had violated Indiana Code § 9-21-8-59 by texting while driving. Mr. Paniagua-Garcia does not dispute that in Indiana it is unlawful to text while operating a vehicle and that Deputy Simmons observed him driving a vehicle while holding a phone with his head tilted towards the phone and

operating the phone key pad. Mr. Paniagua-Garcia argues that these actions do not provide probable cause because they are "entirely consistent with nearly every other legal use of a cell phone while driving."³ [Filing No. 42 at 3.] Mr. Paniagua-Garcia does not point to additional conduct that would be necessary to provide probable cause for a texting while driving traffic stop, because there is none. Although the parties now agree that Mr. Paniagua-Garcia was not actually texting while driving, that is irrelevant because a reasonable conclusion from the undisputed actions that Deputy Simmons observed at the time he initiated the traffic stop is that Mr. Paniagua-Garcia was texting while driving, in violation of Indiana Code § 9-21-8-59. *See McDonald*, 453 F.3d at 960 ("A stop and search can be reasonable even if the defendant did not actually commit an offense as long as the officer reasonably believed an offense occurred.").

Because it was reasonable for Deputy Simmons to conclude, based on his undisputed observations, that Mr. Paniagua-Garcia had violated Indiana law by texting while driving, the Court concludes that Deputy Simmons had probable cause to initiate the traffic stop. Thus, the Court denies Mr. Paniagua-Garcia's Motion to Suppress. [Filing No. 41.]

## IV.
### CONCLUSION

For the reasons detailed herein, the Court **DENIES** Mr. Paniagua-Garcia's Motion to Suppress. [Filing No. 41.]

---

³ In support of this argument, Mr. Paniagua-Garcia cites a 2013 Pew Research Center Survey detailing the activities of cell phone users. [Filing No. 42-3.] As an initial matter, the survey is not specific to cell phone use while driving and, thus, the statistics are not directly applicable. [Filing No. 42-3 at 2.] To the extent the study is at all applicable, it actually undercuts Mr. Paniagua-Garcia's argument because it reveals that 81% of cell phone owners use their phones to "send or receive text messages," which is 21% higher than the next category (accessing the internet) and supports the reasonableness of Deputy Simmons' conclusion that Mr. Paniagua-Garcia was texting while driving. [Filing No. 42-3 at 2.]

February 13, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Electronic Distribution via ECF only:**

Harold Samuel Ansell
ATTORNEY AT LAW
attorneyansell@gmail.com

Doris Pryor
UNITED STATES ATTORNEY'S OFFICE
doris.pryor@usdoj.gov

Matthew J. Lasher
UNITED STATES ATTORNEY'S OFFICE
matthew.lasher@usdoj.gov